Jerry Nowicki, Appellant-Respondent, v. Forward Association, Respondent-Appellant.

First Department, November 25, 1952.

*Louis P. Goldberg* for respondent-appellant.

*William Jacobs* for appellant-respondent.

Cohn, J.  Plaintiff was employed by defendant, a newspaper publisher admittedly engaged in interstate commerce.  He was hired as a melter of metals and worked for defendant from June 29, 1950, until September 27, 1951.  His weekly salary, save for the first week was $50.  It is the claim of plaintiff that throughout his employment defendant failed to compensate him for overtime work.

The Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 207) so far as applicable sets forth that, except as otherwise provided therein, no employer shall employ any of his employees who is engaged in interstate commerce or in the production of goods for commerce for a work week longer than forty hours unless such employee receives overtime compensation for the excess hours at not less than one and a half times the regular rate at which he is employed.

Under the first cause of action set forth in the complaint, recovery for overtime pursuant to the provisions of the Fair

Labor Standards Act is sought for the period from June 29, 1950, to February 19, 1951.

Recovery for overtime under the second cause of action which embraces a later period, namely, from February 19, 1951, to September 27, 1951, is based on an alleged union contract and in the alternative on the provisions of the Fair Labor Standards Act.

The trial court found that during the period specified in the first cause of action plaintiff was entitled to receive overtime for 296 hours, and to damages totalling $1,102.28. Plaintiff now concedes that the correct number of overtime hours only totalled 264. Concededly, also, the method of computing overtime pay adopted as to the first cause of action was erroneous. No recovery was allowed under the second cause of action because plaintiff failed to establish that he was one of the employees included in the collective bargaining agreement made between defendant and the labor union. The alternative relief sought was disallowed.

From the judgment entered, both parties have appealed.

A finding by the trial court that plaintiff worked an average of forty-eight hours weekly was fully sustained by the evidence. When hired by the manager of defendant's composing room, plaintiff was told not to report for duty before 11:00 P.M. and not to work beyond 7:00 A.M. He was employed for six days each week. He testified that the minimum number of hours worked per week was forty-eight. Defendant omitted to maintain records showing the number of hours worked by plaintiff in each work week as required by section 516.2 of the Rules and Regulations Implementing Fair Labor Standards Act. In such a situation the amount and extent of the overtime is a matter of just inference and, as was done here, may be based upon the testimony of the employee (*Anderson* v. *Mt. Clemens Pottery Co.*, 328 U. S. 680, 687).

For the overtime claimed under the first cause of action plaintiff's recovery should have been computed by multiplying the number of overtime hours, to wit, 264 by $.52, which totals $137.28.

When a salary is paid for a specified number of hours in a work week, the regular rate must be computed by dividing the weekly salary by the specified number of hours for the week. As plaintiff's weekly salary was $50, his regular hourly rate concededly was one forty-eighth, not one fortieth of that sum. This amounts to $1.04. Under the Fair Labor Standards Act,

overtime pay must be allowed at the rate of not less than one and a half times the regular rate at which the employee is actually employed. Thus for each hour of overtime plaintiff was entitled to receive not $1.04 plus $.52 but only $.52. The weekly salary of $50 received by plaintiff compensated him for forty-eight hours' work. Having been paid the regular hourly rate for forty-eight hours, plaintiff may not recover again the regular hourly rate for the eight hours worked weekly in excess of forty hours. The overtime premium of $.52 per hour is what was still due and unpaid. That the method thus outlined is the correct method of computation was concisely set forth by this court in a lucid opinion by Mr. Justice VAN VOORHIS in *Schlein* v. *Metzger* (275 App. Div. 340, 343, 344). (See, also, Interpretative Bulletin on Overtime Compensation, United States Department of Labor, January, 1950, part 778; Code of Fed. Reg., Cum. Supp., tit. 29, ch. V, part 778, and *Overnight Motor Co.* v. *Missel,* 316 U. S. 572, 589.)

In the circumstances of this case, a sum equal to the amount due, namely, $137.28 should also be allowed for liquidated damages (U. S. Code, tit. 29, §§ 216, 260). Hence the total award under the first cause of action should not have been $1,102.28 but must be limited to the sum of $274.56.

As to the second cause of action, the trial court properly ruled that plaintiff was not covered by the union contract. However, for the period of employment in question plaintiff, in the alternative, claimed recovery pursuant to the provisions of the Fair Labor Standards Act. We think that he was entitled to a recovery for this cause of action under the Federal statute. As the average overtime work was, according to the evidence, the same throughout plaintiff's employment with defendant, he should not have been denied recovery for the period involved.

The recovery for the 265 overtime hours established under the second cause of action must be calculated in the same manner as hereinabove outlined. So considered, the damages amount to $137.80 which together with liquidated damages in the same sum, total $275.60.

The dismissal of the third and fourth causes of action wherein plaintiff claimed he was entitled to recover certain benefits under the alleged union contract was in all respects proper since plaintiff failed to prove that he was one of the employees named in the contract.

The judgment should accordingly be modified as indicated herein and, as so modified, should be affirmed, without costs. Settle findings accordingly.

DORE, J. P., CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and as so modified, affirmed, without costs. Settle order on notice.